UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TRACEY RUSSELL,

    Plaintiff,

v.                                          CASE No. 8:05-CV-2108-T-TGW

MICHAEL J. ALSTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____


O R D E R


The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted, therefore, for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

The plaintiff, who was forty-two years old at the time of the administrative hearing and who completed the eighth grade,[3] has worked sporadically as a cashier, cook, sandwich-maker, maid, assembler in a factory and a supervisor at a day camp (Tr. 44, 121, 129). She filed her current claim for supplemental security income payments in September 2002 (Tr. 102), alleging that she became disabled due to asthma, high blood pressure, arthritis, mental illness and nerves (Tr. 120). The administrative law judge considered her claim to allege a disability onset date of January 31, 2002 (Tr. 15). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before the law judge. He found that the plaintiff has severe impairments of obesity, asthma, chronic knee pain and alcohol abuse (Tr. 19). The law judge concluded that these impairments restricted the plaintiff to sedentary work involving routine, repetitive tasks with limited work stress in an air conditioned environment (Tr. 22, 25). The law judge also included the additional limitations of occasional bending, stooping, crouching, climbing and working at unprotected heights or in areas with environmental pollutants

---

[3]The plaintiff testified at the hearing that she completed the eighth grade (Tr. 44). However, on the Disability Report Adult form, the plaintiff indicated that she had completed the ninth grade (Tr. 126).

(Tr. 22).  The law judge determined that these limitations precluded the plaintiff from returning to past work (Tr. 23).  However, based upon the testimony of a vocational expert, the law judge found that there were jobs in the national economy that the plaintiff could perform, such as a ticket seller, surveillance systems monitor and eye glass polisher (Tr. 24).  Accordingly, he decided that the plaintiff was not disabled (Tr. 25).  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. Neither contention warrants reversal.

A. The plaintiff contends that the law judge erred in not accepting the opinion of her treating physician, Dr. Donald B. Geldart, that she is disabled (Doc. 22-1, p. 9; Tr. 631-34). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Geldart completed a Pulmonary Residual Functional Capacity Questionnaire in which he essentially indicated that the plaintiff would not be able to work (Tr. 631-34). For example, Dr. Geldart marked on the form that the plaintiff would be "[i]ncapable of even 'low stress' jobs" and that she would only be able to walk a half of a block without rest or severe pain (Tr. 632, 633). He also indicated that the plaintiff can only sit for zero to five minutes before needing to get up, can only stand for twenty minutes before

having to sit or walk, and can only sit for two hours and stand or walk for four hours in an eight-hour work day (Tr. 633).

In his decision, the law judge gave a thorough summary of Dr. Geldart's opinion, which was Exhibit 35F (Tr. 20). The law judge then gave the following lengthy explanation for discounting Dr. Geldart's opinion (Tr. 20-21):

> Of import, Exhibit 35F was submitted at the hearing, but there are no other medical records from Dr. Geldart. Additionally, there is no support for Dr. Geldart's assessment in the file because there is no evidence that he even examined the claimant despite his assertion that he treated the claimant in 2002 and again in 2005. Dr. [Elena Botardo] at Exhibit 32F was the last treating physician. Although the claimant asserted that she saw Dr. Geldart for a short period in 2002 and just started with him again in January 2004, she admitted there were no records in the file. Because Dr. Geldart's opinion is without substantial support from the other evidence of record, it appears that Dr. Geldart relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. Although Dr. Geldart reportedly had a treating relationship with the claimant, his opinion appears quite conclusory, providing very little explanation of the evidence relied on in forming that opinion. It is not clear that

>the doctor was familiar with the definition of "disability" contained in the Social Security Act and Regulations. Specifically, it is possible that the doctor was referring solely to an inability to perform the claimant's past work, which is consistent with the conclusions reached in this decision. Finally, it is emphasized that the opinion at Exhibit 35F was provided through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored. For the above reasons, I find Dr. Geldart's opinion less persuasive.

This explanation was reasonable and supports the conclusion to discount Dr. Geldart's opinion.

In the first place, the law judge pointed out that Dr. Geldart's opinion was conclusory in that the doctor provided "very little explanation of the evidence relied on in forming that opinion" (Tr. 21). For example, there was no explanation given for the extraordinary assertions that the plaintiff can only sit for zero to five minutes and is incapable of even low stress jobs. As indicated, the conclusory nature of the opinion is, by itself, sufficient to justify discounting the doctor's opinion.

Furthermore, the law judge pointed out that there were no records showing an examination or treatment by Dr. Geldart. The plaintiff tries to

escape this deficiency by contending that it was the law judge's duty to contact Dr. Geldart and obtain his records. However, the plaintiff bears the burden of proving that she is disabled and, therefore, must produce evidence that supports her claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Consequently, the law judge is required to develop the record of the plaintiff's medical history prior to the application, but he is not obligated to do so for the period after the application's filing date. Ellison v. Barnhart, supra, 355 F.3d at 1276; McCloud v. Barnhart, 2006 WL 177576 *6 (11th Cir. 2006)(unpub. dec.).

Furthermore, when the law judge inquired at the hearing about records from Dr. Geldart, plaintiff's counsel stated that "we can try to get those records" (Tr. 61-62). In light of this statement, the law judge could reasonably expect plaintiff's counsel to obtain pertinent records from Dr. Geldart. Since no such records were forthcoming, the law judge could reasonably conclude either that there were no records of treatment or an examination, or that the records did not support the doctor's opinion. In this respect, the law judge said that it appears that the doctor had relied quite heavily upon the plaintiff's subjective complaints, and that the law judge had discounted those complaints (Tr. 20).

In addition, Dr. Geldart's opinion is not consistent with the medical evidence in the record. The medical evidence consists primarily of visits to hospital emergency rooms for various problems. Accordingly, the law judge reasonably concluded that, "[a]lthough the claimant has received treatment for the allegedly disabling impairment[s], that treatment has been essentially routine and/or conservative in nature, which is not indicative of severe symptoms precluding all work" (Tr. 22). Furthermore, in December 2002, the plaintiff underwent a consultative examination by Dr. H.C. Nelson, who, contrary to Dr. Geldart, opined, among other things, that the plaintiff could sit for six hours in an eight-hour day, and could stand or walk for three or four hours in an eight-hour day (but could not stand or walk for more than twenty or thirty minutes at a time) (Tr. 249). In all events, there is no medical evidence in the record that indicates that the plaintiff is as incapacitated as Dr. Geldart opines.

Under these circumstances, the law judge has amply justified his discounting of Dr. Geldart's opinion. See, e.g., Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1159-60 (11th Cir. 2004); Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987).

B. The plaintiff argues that the law judge improperly discredited her testimony regarding her complaints of pain (Doc. 22-1, pp. 11-12). The argument essentially amounts to a differing view of the medical evidence that the law judge relied upon to discount the plaintiff's subjective complaints (id.). However, the issue is not whether the evidence would support a finding that the plaintiff's subjective complaints are fully credible, but whether the evidence compels such a finding. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005). That is clearly not the situation here, particularly in view of the law judge's opportunity to observe the plaintiff's demeanor.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, supra, 821 F.2d at 556.

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge recognized the need to articulate a credibility determination and referred to the regulation and Social Security Ruling


governing such determinations (Tr. 20), thereby demonstrating that he applied the Eleventh Circuit pain standard.  Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). The law judge considered the plaintiff's various complaints and set forth reasons for discounting, at least to some extent, the plaintiff's subjective allegations (Tr. 22).  Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had severe restrictions that limited her to some types of sedentary work.  The law judge only rejected the allegations of total disability.

The law judge discounted the plaintiff's subjective complaints primarily on the basis of the medical evidence (id.).  Thus, the law judge not only summarized the medical evidence (Tr. 17-19, 20), but he evaluated it in detail as well (Tr. 22, 23).  As indicated, he concluded that the plaintiff's treatment was essentially routine and/or conservative and not indicative of severe symptoms precluding all work.  This conclusion was reasonable and supported by substantial evidence.

The plaintiff asserts that the law judge based his determination on her "background and lifestyle" and that he disapproves of her because she is poor and overweight (Doc. 22-1, p. 12).  The law judge's comment regarding the plaintiff's "background and lifestyle" relates to the summary by

Dr. Ralph J. Dolente, a psychologist, of the plaintiff's background information (Tr. 23, 251). The law judge uses this information as a reference point in relation to the plaintiff's history. There is nothing in the law judge's decision which indicates that he ruled against her because of his disapproval of her lifestyle.

Morever, while the law judge considered "suspect" the plaintiff's explanation regarding the removal of her nieces and nephews from her home (Tr. 22), that does not appear to be a significant factor in his credibility determination. In any event, the circumstances discussed by the law judge in the decision could reasonably cause him to "suspect" the plaintiff's testimony and thus color his opinion of her credibility.

In sum, the law judge used the proper standard in analyzing the plaintiff's subjective complaints and provided adequate reasons for his credibility determination. It has long been the law that this court is not authorized to second-guess that determination. See Celebrezze v. O'Brient, supra.

For these reasons, the Commissioner's decision is based on substantial evidence and contains no reversible error.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of February, 2007.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE